## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL AND ) | |
| SUSAN WILSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-1197-JTM |
| ) | |
| CITIZENS MEDICAL ) | |
| CENTER, INC. *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Amend Complaint (Doc. 85), filed

on February 2, 2006, in which Plaintiffs seek to add a claim against Defendant

Citizens Medical Center, Inc. under the Emergency Medical Treatment and Active

Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq.*  Defendants did not file a

response, and the time for any response has expired.  *See* D. Kan. Rule 6.1(d)(1)

(responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiffs filed their complaint (Doc. 1) on June 28, 2005, alleging

negligence in regard to the medical treatment and transfer of Plaintiffs' deceased.

The various Defendants filed their answers between July 25, 2005, and August 8,

2005.  (Docs. 23, 24, 29, 31, and 33.)  Since that time, the parties have exchanged

initial disclosures and engaged in discovery.  Several of the Defendants (Slavins,

Rupp, Riemer and Hurlbut) have been dismissed without prejudice.  (*See* Docs. 38,

70, 75 and 90.)

Plaintiffs' current motion seeks to add a claim against Defendant Citizens

Medical Center, Inc. under EMTALA, 42 U.S.C. § 1395dd, *et seq*.  Plaintiffs

contend "[n]o showing of undue delay, prejudice to the opposing party, bad faith or

dilatory motive can be shown in this matter since this Motion is being timely made

and is supported by the facts in the case."  (Doc. 86 at 1.)  Further, the Court's

Scheduling Order of October 5, 2005, includes a deadline of February 20, 2006, to

join additional parties or otherwise amend the pleadings and Plaintiffs' motion was

filed in advance of this deadline.  (Doc. 55 at 5.)

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when

justice so requires.  In the absence of any apparent or declared reason, such as

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of

amendment, leave to amend should, as the rules require, be freely given.  ***Foman v.***

***Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v.***

***U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Further, "[i]f a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." ***D.Kan. Rule 7.4***.  As stated previously, Defendants have not filed a response to Plaintiffs' motion and the time to do so has expired.  Plaintiffs' motion is unopposed, timely, and facially valid. The Court, therefore, GRANTS Plaintiffs' Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint is GRANTED.  Plaintiffs shall file their Amended Complaint in the form attached to their motion and memorandum (Doc's 85, 86), **PROVIDED HOWEVER** that the names of defendants Slavin, Riemer, Hurlbut and Rupp, shall be deleted from the caption of the amended complaint.  The Amended Complaint shall be filed no later than **ten (10)** days from the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 9th day of March, 2006.

s/  Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

3